```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Gregory B. Monaco, *etc.*, *et ano.*,

                Plaintiffs,           CV-98-3386 (CPS)

                                      [CORRECTED]
    - against -                       MEMORANDUM
                                      OPINION AND
                                      ORDER

Sharon Carpinello, *etc., et alia*,

                Defendants.

----------------------------------------X
```

SIFTON, Senior Judge.

Plaintiffs Gregory B. Monaco, on behalf of himself and similarly situated individuals facing civil commitment, and the Mental Disability Law Clinic of Touro Law Center ("the Clinic") bring this class action for declaratory and injunctive relief against the following defendants: Sharon Carpinello, in her official capacity as Acting Commissioner of the New York State Office of Mental Health; Catherine Cahill, in her official capacity as Justice of the East Hampton Town Justice Court, on behalf of herself and all other local criminal court judges in New York State; Benjamin Chu, in his official capacity as the Director of the New York City Health and Hospitals Corporation; Mark Sedler, in his official capacity as Chairman of the Department of Psychiatry at University Hospital of the State University at Stony Brook; Kenneth Skodnek, in his official capacity as Chairman of Psychiatry at Nassau University Medical

Center; Arnold Licht, in his official capacity as Director of the psychiatric unit of Long Island College Hospital; Alfred Tisch, in his official capacity of Sheriff of Suffolk County; and Martin Horn, in his official capacity of Commissioner of the New York City Department of Corrections.[1]

Plaintiffs allege violations of the Fourth Amendment, the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983, as well as state law claims for false imprisonment negligence, and medical malpractice.  As amended, the complaint contains two major components: 1) a challenge to the constitutionality of the practices of Horn and Tisch in keeping confined unnecessarily individuals found incompetent to stand trial for minor felonies and misdemeanors and those awaiting such a determination; 2) a challenge to the constitutionality of the procedures used by Chu, Sedler, Skodnek, and Licht to hospitalize involuntarily individuals deemed mentally ill.  Previously, the Court certified this as a class action pursuant to Rule 23(b)(2).

Presently before the Court is plaintiffs' and defendants Tisch and Horn's joint motion for approval of a proposed settlement of the Sixth Claim for Relief pursuant to Federal Rule

---

[1] In a previous decision, this Court dismissed the claims against Licht and granted summary judgment in favor of four other defendants. In their fifth amended complaint, plaintiffs reasserted these claims against these defendants in order to preserve their right to appeal this Court's judgment.  *See* 6 WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 at 560 (2d ed. 1990).  All of the defendants have agreed to dismissal of these claims by stipulation.

of Civil Procedure 23(e). For the reasons that follow, the motion is granted and the settlement is approved.

Background

The Sixth Claim for Relief reads:

> By failing to immediately transfer Mr. Monaco and other incompetent defendants from the time they receive notification of an OMH ("Office of Mental Health") designation, defendants Tisch and Horn violate the Fourth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 because such failure to act results in the unnecessary confinement of incompetent defendants for whom there is no necessary basis to believe satisfies the civil commitment criteria, further results in confinement of incompetent defendants whose nature does not bear a reasonable relation to its purpose and such deprivation of liberty is not the least intrusive possible while meeting the legitimate interests of the state.

The complaint demands as a remedy that the defendants be directed to transport members of the class the same day that a New York state court issues an order of observation.

Previously, the parties published notice of the proposed settlement in English in *Newsday* and in Spanish in *El Diario* and in jails operated by the defendants. On March 9, 2005, the Court held a fairness hearing to provide class members an opportunity to object to the proposed settlement. No class members have objected to the settlement. The settlement with each defendant is largely the same and consists of three requirements: 1) record-keeping; 2) transportation time; and 3) monitoring. Both settlements provide for reasonable attorney's fees, yet to be determined. Neither settlement provides for monetary damages.

### Record Keeping

Suffolk County Correctional Facility and the New York City Department of Corrections are required to maintain records for each class member concerning: 1) the date it receives notice of an OMH facility to which the class member is to be transported; 2) which OMH facility has been so designated; and 3) the date on which the class member is transported to the OMH facility.

### Transportation Time

Both defendants agree to transport class members within three days of receiving notice of the appropriate OMH facility. Both defendants are also required to promulgate internal procedures "that set forth a goal of transporting members within one to two business days of the designation date." Both defendants are required to make good faith efforts to comply with the internal procedure.

### Monitoring

Beginning four months after the stipulation of settlement is signed, the New York Department of Corrections is required to provide Plaintiffs' counsel with reports providing the number of class members transported within one, two, three, or more than three business days from the date an OMH facility is designated.

The Suffolk County Corrections Facility will compile similar information and provide it the Suffolk County Attorney and Plaintiffs' counsel.

### Discussion

In determining whether to approve the settlement of a class

action, the court must evaluate whether it is procedurally and substantively fair, adequate, and reasonable. *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001); *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000). The proponent of the settlement bear the burden of demonstrating its fairness. *Maher v. Zapata Corp.*, 714 F.2d 436, 454 (5th Cir. 1982).

Procedural Fairness

A court reviewing a proposed settlement must ensure that the settlement resulted from "arm's-length negotiations and that plaintiffs' counsel have possessed the experience and ability, and have engaged in the discovery, necessary to effective representation of the class's interests." *D'Amato*, 236 F.3d at 85. Courts presume the absence of collusion unless evidence to the contrary is present. 4 NEWBERG ON CLASS ACTIONS § 11:51 (4th ed.). No evidence is apparent on the record that suggests that this settlement was not achieved from arm's-length negotiation.

Substantive Fairness

Factors to be considered in assessing the substantive fairness of a particular settlement include: "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light

of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005). I consider the relevant factors below in light of the fact that the settlement provides nearly all that was demanded in the complaint. Accordingly, the showing that plaintiffs must make is correspondingly small.

### Complexity and Expense

Plaintiffs contend that pursuing these claims to trial would require the parties to evaluate the resources of the defendants, the use of those resources in other areas, and their ability to timely transport defendants in a more timely manner. I have little doubt that continued litigation of these claims would require the needless expenditure of resources in light of the settlement substantially providing for all that the plaintiffs demanded.

### Reaction of the Class

There was no response by class members to the published notice. No members requested exclusion. Although not conclusive, this factor weighs in substantial favor of the settlement. *See Wal-Mart Stores, Inc.*, 396 F.3d at 118; 4 NEWBERG § 11:48.

### Stage of the Proceedings

This litigation has been pending for nearly seven years. Motions to dismiss and for class certification have been

litigated, and the parties have undergone substantial discovery. The plaintiffs therefore likely have adequate information to determine the adequacy of the settlement. This factor weighs in favor of approval.

### Risks of Establishing Liability

Settlement obviates the risk that plaintiffs would be unable to prove that the defendants' practices violated their right to due process. To succeed on their claims, plaintiffs would have had to establish that their detention did not bear a reasonable relation to the purpose for which they were confined. *See Jackson v. Indiana*, 406 U.S. 715, 738 (1972). Settlement prevents a finding that the duration and condition of plaintiffs' detention was reasonably related to determining and achieving their competence to stand trial.

### Defendants' Ability to Withstand Greater Judgment, the Risks of Establishing Damages, and the Range of Reasonableness of the Settlement Fund

The settlement provides for no damages. The plaintiffs contend that because the complaint seeks only injunctive relief, this factor is irrelevant.[2] When a class action complaint seeks only injunctive or declaratory relief, class members are not barred from subsequently bringing an action for individual damages. *Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996);

---

[2] This class was certified pursuant to Rule 23(b)(2). Class actions may only be certified pursuant to Rule 23(b)(2) when class-wide injunctive relief is the remedy in which the plaintiffs are primarily interested. *Parker v. Time Warner Entertainment Co., L.P.*, 331 F.3d 13, 20 (2d Cir. 2003).

*Fortner v. Thomas*, 983 F.2d 1024, 1031 (11th Cir. 1993); *In re MTBE Products Liab. Litig.*, 209 F.R.D. 323 (S.D.N.Y. 2002).

Given that class members will not be barred from bringing subsequent claims for damages, the lack of money damages is not fatal to the settlement. "The measure of litigation's 'likely rewards' depends on the nature of the suit." *Handschu*, 605 F. Supp. at 1393-94. Where the suit sounds only in equity, the relief provided in the settlement is measured against the Court's likely post-trial decree. *Id.* at 1394.

In the present case, the legal protections conferred on the class by the settlement correspond closely with the relief sought in the complaint and the equitable relief they would likely have received had they been successful at trial. The complaint sought a declaration that Tisch and Horn transport class members the same day that a New York state court issues an order of observation. The settlement requires the defendants to set forth procedures to transport class members within one to two days of being informed of an appropriate OMH facility.

In sum, the proposed settlement provides plaintiffs' with nearly all that they demanded in the complaint. It does so while avoiding the costs and delays from litigation.

## Conclusion

Because the settlement accomplishes nearly all that plaintiffs demanded, there have been no objections, and the settlement does not preclude individual claims for compensatory damages, the Court approves the settlement as fair and

reasonable, and the motion is granted.

The Clerk is directed to furnish a filed copy of the within to all parties and to the magistrate judge.

SO ORDERED.

Dated :   Brooklyn, New York

April 25, 2005

<u>Signed by Charles P. Sifton</u>
United States District Judge